1  ALLEN MATKINS LECK GAMBLE
      MALLORY & NATSIS LLP
2  DAVID R. ZARO (BAR NO. 124334)
   TIM C. HSU (BAR NO. 279208)
3  865 South Figueroa Street, Suite 2800
   Los Angeles, California 90017-2543
4  Phone:  (213) 622-5555
   Fax:  (213) 620-8816
5  E-Mail:  dzaro@allenmatkins.com
            thsu@allenmatkins.com
6
   ALLEN MATKINS LECK GAMBLE
7     MALLORY & NATSIS LLP
   EDWARD G. FATES (BAR NO. 227809)
8  One America Plaza
   600 West Broadway, 27th Floor
9  San Diego, California 92101-0903
   Phone:  (619) 233-1155
10 Fax:  (619) 233-1158
   E-Mail:  tfates@allenmatkins.com
11
   Attorneys for Plaintiff
12 Thomas A. Seaman, Receiver

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                    WESTERN DIVISION

16  THOMAS A. SEAMAN, Court-          Case No. 2:18-cv-7094
    appointed Receiver,
17                                    **COMPLAINT FOR FRAUDULENT**
               Plaintiff,            **TRANSFER**
18
          v.
19
    LI ZHAO aka JENNIFER ZHAO, an
20  individual; and DOES 1 through 10,
    inclusive,
21
               Defendants.
22

23

24

25

26

27

28

1    Plaintiff Thomas A. Seaman ("Receiver"), the Court-appointed receiver for
2 USFIA, Inc. ("USFIA"), Alliance Financial Group, Inc., Amauction, Inc., Aborell
3 Mgmt I, LLC, Aborell Advisors I, LLC, Aborell REIT II, LLC, Ahome Real
4 Estate, LLC, Alliance NGN, Inc., Apollo REIT I, Inc., Apollo REIT II, LLC,
5 Amkey, Inc., US China Consultation Association, Quail Ranch Golf Course, LLC,
6 and their subsidiaries and affiliates (collectively, "Receivership Entities"), hereby
7 brings the following Complaint against Defendant Li Zhao aka Jennifer Zhao, an
8 individual ("Defendant").
9    The Receiver, on behalf of the Receivership Entities, alleges as follows:
10                        **JURISDICTION AND VENUE**
11    1.    This Court has subject matter jurisdiction over this matter under
12 28 U.S.C. sections 1345 and 1367(a), and the doctrines of ancillary and
13 supplemental jurisdiction, in that this action arises from a common nucleus of
14 operative facts as, and is substantially related to the original claims in, the Securities
15 and Exchange Commission ("Commission") civil enforcement action styled as
16 *Securities and Exchange Commission v. Steve Chen, et al.*, United States District
17 Court, Central District of California, Case No. 2:15-cv-07425-RGK-PLA ("SEC
18 Action").  In particular, this action involves the recovery of transfers of funds raised
19 from investors in the fraudulent scheme that is the subject of the SEC Action and
20 that gave rise to the Receiver's appointment by the Court.  The Receiver sought
21 authority to file this action from the Court in the SEC Action and such authority was
22 granted by order entered on August 7, 2018.
23    2.    This Court may exercise personal jurisdiction over Defendant pursuant
24 to Federal Rule of Civil Procedure 4(k)(1)(A) and 28 U.S.C. sections 754 and 1692.
25    3.    Venue in the Central District of California is proper under 28 U.S.C.
26 section 1391 because this action is an ancillary proceeding to the SEC Action and
27 because the Receiver was appointed in this District pursuant to the Preliminary
28 Injunction and Orders: (1) Freezing Assets; (2) Appointing a Permanent Receiver;

(3) Prohibiting the Destruction of Documents; and (4) Requiring Accountings entered in the SEC Action on October 6, 2015 ("Preliminary Injunction").

**PARTIES**

4.      The Receiver is the duly appointed permanent receiver for the Receivership Entities, and was appointed permanent receiver for the Receivership Entities pursuant to the Preliminary Injunction.  Among other things, the Preliminary Injunction calls for the Receiver to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by the Receivership Entities, and to initiate, pursue, and prosecute all claims and causes of action of whatever kind and nature as a result of the activities of present or past employees or agents of the Receivership Entities and their subsidiaries and affiliates.

5.      On information and belief, Li Zhao aka Jennifer Zhao is a citizen and resident of the County of Los Angeles, California, and is a recipient of assets of the Receivership Entities as further described herein.

6.      The Receiver is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of DOES 1 through 10.  The Receiver is informed and believes, and based thereon alleges, that each fictitiously named defendant is the recipient of fraudulently transferred funds from the Receivership Entities, or was in some way responsible for, participated in, or contributed to the matters and things of which the Receiver complains herein, and in some fashion, has legal responsibility therefor.  When the exact nature and identity of such fictitious defendants' responsibility for, participation in, and contribution to the matters and things herein alleged is ascertained, the Receiver will seek to amend this Complaint and all proceedings herein to set forth the nature of these defendants' identity.

7.      The Receiver is informed and believes, and based thereon alleges, that DOES 1 through 10 are principals, officers and/or agents of each of the other defendants, and directed, ratified, or caused the conduct and/or omissions alleged in

1  this Complaint.  The Receiver is further informed, and on that basis alleges, that

2  DOES 1 through 10 are the alter egos of the other defendants and, as such, are liable

3  for the conduct and damages alleged against the other defendants herein.

4  **FACTUAL ALLEGATIONS**

5  **I.**  **The Receivership Entities' Operations and the Receiver's Appointment**

6  8.  As alleged by the Commission in the SEC Action, the Receivership

7  Entities, principally through USFIA, offered investment opportunities through

8  purchase of membership or product "packages" consisting of amber gemstones and

9  jewelry-related products and reward points or units.  While investors received some

10  amounts of amber in exchange for their purchase of packages, such products were

11  practically worthless by appraisal and were viewed merely as gifts incidental to the

12  investments in USFIA and the other Receivership Entities.

13  9.  On the other hand, USFIA had an extensive bonus and reward system

14  tied to its membership program, which was promoted through multi-level marketing

15  by investors who purchased packages to become "distributors."  These distributors,

16  incentivized by the rewards system, recruited and sold packages to new investors,

17  creating generations of "downlines" based on their relative positions in the

18  organization and received rewards for recruiting new investors with various

19  bonuses.  However, the only source of USFIA's revenue was investments in

20  packages.  The company thus operated an illegal and inherently fraudulent pyramid

21  scheme and Ponzi scheme where the funds paid by distributors for their packages –

22  USFIA's only source of income – were used to pay rewards to other distributors and

23  the vast majority of investors were destined to lose money.

24  10.  On or about September 28, 2015, the Commission initiated the SEC

25  Action against the Receivership Entities and their principal Steve Chen, alleging

26  violations of federal securities laws.  The Commission petitioned for the Receiver's

27  appointment, and on September 28, 2015, and October 6, 2015, this Court entered

28

1  orders appointing the Receiver, first on a temporary basis and then as permanent
2  receiver for the Receivership Entities.

3  **II.     The Receiver's Authority and Investigation Pursuant to His Appointment**

4          11.     Pursuant to the terms of his appointment, the Receiver is vested with
5  exclusive authority and control over the assets of the Receivership Entities.
6  Specifically, Article XI of the Preliminary Injunction vests the Receiver with the
7  "full powers of an equity receiver, including, but not limited to . . . full power to
8  sue . . . and take into possession all [receivership] property . . ."  On August 7, 2018,
9  the Receiver's authority to pursue such claims and file this action specifically
10 against Defendant was affirmed in this Court's Order Re: Motion for Authority to
11 Pursue Claims Against Li Zhao.

12         12.     The Receiver's investigation to date supports and confirms the
13 Commissions' allegations in the SEC Action, including that USFIA had no
14 legitimate business operations, operated an illegal pyramid scheme, sold
15 membership or product packages to distributors, and the Receivership Entities' sole
16 source of revenue was funds paid by distributors for their investments.  The
17 Receiver's investigation further confirms that funds paid by distributors for their
18 investments were misused by Steve Chen, who used such funds not only to pay
19 rewards to distributors, but also to benefit and enrich himself and a number of
20 family and other intimate relations for no apparent business purpose.

21         13.     This Court in the SEC Action has similarly determined in its Order Re:
22 Plaintiff's Motion for Summary Judgment as to Liability and Injunctive Relief,
23 entered in the SEC Action on December 8, 2016, that "USFIA ran a pyramid
24 scheme," that such schemes are "inherently fraudulent because they must eventually
25 collapse," where "the most recent entrants [are destined] to lose their money," and
26 that "USFIA's pyramid scheme is a scheme to defraud in violation of [securities
27 laws]."  Steve Chen has consented to entry of judgment against him in the SEC

28

1  Action, which judgment was entered on March 13, 2017 and, as part of that consent
2  judgment, confirmed that he does not deny the Commissions' allegations.

3  **III.    Fraudulent Transfers to Defendant**

4        14.    In connection with his investigation of the Receivership Entities'
5  operations, the Receiver discovered that, over the course of years, the Receivership
6  Entities made various payments to Defendant or to third parties on Defendant's
7  behalf, and received no apparent value in exchange for these payments.

8        15.    Specifically, Defendant received or was the beneficiary of various
9  payments made by the Receivership Entities during the last four years, including the
10 purchase of a luxury automobile, mortgage payments, utility bills, HOA dues, and
11 property taxes for her home.  These payments were made by the Receivership
12 Entities and paid directly to Defendant or to third parties on her behalf and for her
13 benefit, totaling in excess of $370,000.  On information and belief, the Receivership
14 Entities received no value in exchange for these payments.

15                    **FIRST CLAIM FOR RELIEF**

16            **(Fraudulent Transfer – Against All Defendants)**

17       16.    The Receiver incorporates herein each and every allegation contained
18 in the paragraphs set forth hereinabove.

19       17.    The Receivership Entities, while still under the control of Steve Chen,
20 fraudulently transferred in excess of $370,000 to Defendant or to third parties on
21 Defendant's behalf or for her benefit, with the intent to hinder, delay, or defraud the
22 Receivership Entities' creditors.  Such transfers were made from the proceeds of the
23 USFIA pyramid scheme and were generated from the investors/distributors in that
24 scheme.  Defendant received the benefit of these transferred funds.  Despite directly
25 benefiting from these transfers, Defendant provided the Receivership Entities with
26 no value in exchange, and the Receivership Entities received no value in exchange
27 for these transfers.

28

18.     At all relevant times during which the transactions described herein occurred, the Receivership Entities, through USFIA, were engaged or about to engage in business transactions for which their remaining assets were unreasonably small in relation to the business or transaction.

19.     The Receivership Entities, through USFIA, operated an illegal pyramid scheme and Ponzi scheme, which was insolvent, or became insolvent, shortly after the subject transactions occurred.

20.     The Receivership Entities, through USFIA, intended to incur, or believed or reasonably should have believed they would incur, debts beyond their ability to pay as they became due.

21.     As a consequence, each of the transfers described herein is an actual or constructive fraudulent transfer under California Uniform Voidable Transactions Act, Cal. Civ. Code section 3439, *et seq.*, and the aggregate amount of the transfers in the amount of $370,000 is subject to immediate disgorgement to the Receiver, in his capacity as receiver for the Receivership Entities.

**PRAYER FOR RELIEF**

WHEREFORE, the Receiver prays for judgment as follows:

1.     For judgment avoiding the fraudulent transfers paid by the Receivership Entities to Defendant or to third parties on Defendant's behalf, the amount of which to be determined according to proof;

2.     For an order directing Defendant to immediately pay the amount of the judgment entered against her, plus prejudgment interest and costs, to the Receiver for the benefit of the Receivership Entities; and

3.     For such other and further relief as the Court may deem proper.

Dated:  August 16, 2018

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:_____ */s/ Edward Fates*
EDWARD G. FATES
Attorneys for Plaintiff
THOMAS A. SEAMAN, Receiver